UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT A. CHAVEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-cv-00408-CMS |
| | ) | |
| RICHARD ADAMS, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is Petitioner Robert A. Chavez's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). For the reasons stated below, the Petition is denied.

**BACKGROUND**

**I. Factual and Procedural Background**

On May 19, 2020, Petitioner was sentenced to twenty-five years' imprisonment for first-degree statutory sodomy, thirty years' imprisonment for first-degree statutory rape, and seven years' imprisonment for second-degree statutory rape in the Circuit Court of Butler County, Missouri. (Doc. 9-10 at 195).

On postconviction appeal, the Missouri Court of Appeals summarized this case's history:

> Chavez was charged by a first-amended information with nine counts. These counts arose from events that occurred in 2012 to 2014, involving a victim (Victim), who was thirteen years old in 2012. Victim was related to Chavez's wife (Wife) and stayed with them at their home for extended periods. Chavez and Wife had a daughter (Daughter), who was six months younger than Victim, and two other younger children. The nine counts charged Chavez with: five counts of statutory sodomy in the first degree (Counts 1, 2, 4, 5, and 7); one count of statutory rape in the first degree (Count 6); two counts of statutory rape in the second degree (Counts 8 and 9); and one count of child molestation (Count 3).
>
> In March 2020, a jury trial was held. Witnesses testifying for the State included Victim; the investigating detective, Tim Davis (Detective); and Victim's clinical psychologist, Dr. Amber Richardson (Psychologist), who had diagnosed Victim

with, inter alia, PTSD from sexual trauma. The State also introduced messages exchanged by Chavez and Victim using a messenger app called "Kik." These messages were sent during the timeframe of the charged offenses, and Victim stated that Chavez communicated with her via Kik messenger to plan meetings to have sex.

The theory of the defense was to show Victim fabricated her allegations because she was in love with Chavez and was upset when she had to leave his home. Chavez's trial counsel, Daren Todd (Trial Counsel), refuted the State's case by: (1) attacking Victim's credibility; (2) introducing evidence that another person could have sent Victim messages using Chavez's Kik app; (3) establishing that Victim's PTSD could have been from a variety of sources; and (4) cross-examining Detective about the lack of forensic evidence in the case. During the defense's case-in-chief, Chavez and Wife testified.

The jury found Chavez guilty of three counts: first-degree statutory sodomy (Count 1); first-degree statutory rape (Count 6); and second-degree statutory rape (Count 9). The jury found Chavez not guilty of the remaining six counts.

Chavez was sentenced to imprisonment terms of 25 years for statutory sodomy, 30 years for statutory rape in the first degree, and seven years for statutory rape in the second degree. The sentence for the second conviction was ordered to run consecutively to the first conviction, and the sentence for the third conviction was ordered to run concurrently to the other two. This Court affirmed Chavez's convictions and sentences on direct appeal by order and memorandum, ***State v. Chavez***, SD36685 (Mo. App. filed August 18, 2021). Our mandate issued September 3, 2021.

Chavez filed an original motion seeking post-conviction relief pursuant to Rule 29.15. Thereafter, appointed counsel filed an amended motion. In the amended motion, Chavez presented 13 claims that he received ineffective assistance from his pre-trial counsel, Trial Counsel, and appellate counsel, Nancy McKerrow (Appellate Counsel). Four of those claims are relevant here:

> (1) Trial Counsel was ineffective for failing to object to Psychologist's improper expert testimony that she diagnosed Victim with PTSD related to sexual trauma "at the hands of [Chavez]";
>
> (2) Trial Counsel was ineffective for failing to object to the State asking Victim, during the guilt phase of the trial, "what she wanted to see happen to Mr. Chavez in this case";
>
> (3) Trial Counsel was ineffective for failing to impeach Detective's testimony that it was his opinion Daughter, Wife, and Chavez's mother- in-law (Mother-in-Law) "arranged their stories to help Mr. Chavez"; and

> (4) Appellate Counsel was ineffective for failing to raise on direct appeal a claim that the trial court erroneously allowed Psychologist to testify that she diagnosed Victim with PTSD related to sexual trauma "at the hands of [Chavez.]"
>
> In December 2022, an evidentiary hearing was held by the motion court. The motion court judge also had been the trial court judge. Those testifying at the evidentiary hearing included Trial Counsel and Appellate Counsel.

(Doc. 9-16 at 2–5) (internal footnotes omitted).

Petitioner mailed a timely petition for a writ of habeas corpus (pursuant to 28 U.S.C. § 2254) to this Court on March 20, 2026. (Doc. 1). Petitioner raises four grounds for relief: (1) Petitioner's trial counsel was ineffective for failing to object to the psychologist's improper expert testimony; (2) for failing to object to the State's questioning of the victim; (3) and for failing to object to or impeach the detective's opinion testimony accusing Petitioner's family of arranging "their stories to help him"; and (4) Petitioner's appellate counsel was ineffective for failing to raise on direct appeal that Petitioner's trial counsel was ineffective. (Doc. 1 at 6–11).

## LEGAL STANDARDS

### I. 28 U.S.C. § 2254

A federal judge may issue a writ of habeas corpus freeing a state inmate if the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act (AEDPA) constrains a federal court to "exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003). Under AEDPA, a federal court shall not grant relief to a state inmate "with respect to any claim that was adjudicated on the merits" in the state court proceedings unless the state court's adjudication of the claim (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was

based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"'[C]learly established Federal law' in § 2254(d)(1) 'refers to the holdings, as opposed to the dicta, of this Court's decisions as of the time of the relevant state-court decision.'" *Carey v. Musladin*, 549 U.S. 70, 74 (2006) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). And a "decision is 'contrary to' federal law 'if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.'" *Musser v. Mapes*, 718 F.3d 996, 1000 (8th Cir. 2013) (quoting *Williams*, 529 U.S. at 412–13) (citation modified).

The "unreasonable application" prong of § 2254(d) is "difficult to meet." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). An "*unreasonable* application of federal law is different than an *incorrect* application of federal law." *Williams*, 529 U.S. at 365 (emphasis in original). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). "Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme Court]." *Id.*

But before reaching the merits of a § 2254 habeas claim, "a federal court reviewing a state conviction . . . may consider only those claims which the petitioner has presented to the state court in accordance with state procedural rules." *Arnold v. Dormire*, 675 F.3d 1082, 1086–87 (8th Cir. 2012) (quoting *Beaulieu v. Minnesota*, 583 F.3d 570, 573 (8th Cir. 2009)). A "state prisoner who

fails to satisfy state procedural requirements forfeits his right to present his federal claim through a federal habeas corpus petition, unless he can meet strict cause and prejudice or actual innocence standards." *Gordon v. Arkansas*, 823 F.3d 1188, 1196 (8th Cir. 2016) (quoting *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004)). "'[C]ause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him . . . ." *Marcyniuk v. Payne*, 39 F.4th 988, 995 (8th Cir. 2022) (quoting *Coleman v. Thompson*, 501 U.S. 722, 753 (1991)). "If a prisoner fails to demonstrate cause, the court need not address prejudice." *Cagle v. Norris*, 474 F.3d 1090, 1099 (8th Cir. 2007) (citing *Mathenia v. Delo*, 99 F.3d 1476, 1481 (8th Cir. 1996)).

**II. Ineffective Assistance of Counsel**

The Sixth Amendment guarantees a defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To demonstrate ineffective assistance of counsel, a petitioner must show that: (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense." *Id.* at 687. To establish deficient performance, a petitioner must demonstrate that his attorney "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the [petitioner] by the Sixth Amendment." *Id.* "Judicial scrutiny of counsel's performance must be highly deferential," and the petitioner bears a heavy burden in overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and "might be considered sound trial strategy." *Id.* at 689 (internal citations and quotations omitted). To show prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

## DISCUSSION

### I. The Missouri Court of Appeals' Merits Determinations Were Not Unreasonable.

In Grounds One through Four, Petitioner alleges ineffective assistance of counsel. When applying the first prong of the *Strickland* test for ineffective assistance of counsel, the Court must analyze the alleged ineffective assistance without being influenced by hindsight. *Strickland*, 466 U.S. at 689. The Court must recognize that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable[.]" *Id.* at 690. In applying the second, prejudice prong of the *Strickland* test, "a court making the prejudice inquiry must ask if the [petitioner] has met the burden of showing that the decision reached would reasonably likely have been different absent [counsel's] errors." *Id.* The failure to establish either *Strickland* prong defeats a claim of ineffective assistance of counsel. *Worthington v. Roper*, 631 F.3d 487, 498 (8th Cir. 2011).

Review is even more exacting in the context of a Section 2254 petition. *See Harrington*, 562 U.S. at 105. The *Strickland* and AEDPA standards are "highly deferential"; "when the two apply in tandem, the review is 'doubly' so." *Id.* (internal citations omitted). Therefore, "[w]hen § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

#### A. Ground One

In Ground One, Petitioner alleges his trial counsel was ineffective for failing to object to the expert witness's testimony regarding the victim's post-traumatic stress disorder. (Doc. 1 at 1, 6, 17). Specifically, Petitioner claims the "psychologist was not a fact witness" and "went beyond

the scope of permissible expert testimony and bore directly on the ultimate issue of [g]uilt." *Id.* at 17.

In denying Petitioner's first ground, the Missouri Court of Appeals stated, "Trial Counsel testified he had a trial strategy for not objecting to the challenged testimony from Psychologist" because he did not want to "draw more of the jury's attention to what she just said." (Doc. 9-16 at 8). The court found that trial counsel's strategy was reasonable. *Id.* at 9–10. The court also found Petitioner "failed to prove prejudice" because there was "no reasonable likelihood that had an objection been made and sustained the outcome of the trial would have been different" and "evidence that is cumulative of other, properly admitted evidence cannot have contributed to a defendant's conviction and is harmless beyond a reasonable doubt." *Id.* at 10 (citing *State v. Garner*, 670 S.W.3d 262, 266 (Mo. Ct. App. 2023)) (internal quotations omitted).

There is a "reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington*, 562 U.S. at 105. Thus, Ground One is denied. *See Strickland*, 466 U.S. at 690 ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable[.]").

**B. Ground Two**

In Ground Two, Petitioner alleges trial counsel was ineffective for failing to object when "the State asked the alleged victim what outcome she wanted to see happen to" Petitioner. (Doc. 1 at 8). Specifically, Petitioner claims "[t]his introduced the victim[']s personal opinion about the defendant[']s guilt directly to the jury." *Id.*

In denying Petitioner's claim, the Missouri Court of Appeals reasoned that "Trial Counsel used reasonable trial strategy in not objecting to the statement to avoid: (1) drawing further emphasis to it; and (2) irritating the jury by appearing as though counsel was 'harassing a

vulnerable witness." The court concluded "it is not unreasonable trial strategy to want her 'off the stand as soon as possible.'" (Doc. 9-16 at 16).

It is well established that counsel's opting not to object to improper testimony to avoid irritating the jury is reasonable trial strategy. *See Anderson v. State*, 564 S.W.3d 592, 600 (Mo. banc 2018). Therefore, there is a reasonable argument that counsel satisfied *Strickland*, and the Missouri Court of Appeals did not err in its denial of Petitioner's claim. Ground Two is denied.

### C. Ground Three

In Ground Three, Petitioner claims his counsel was ineffective for failing to object to a detective's testimony that, "in his opinion, [Petitioner's] daughter, wife, and mother-in-law had 'arranged their stories to help [Petitioner].'" (Doc. 1 at 11). Specifically, Petitioner claims the "opinion was presented without any limiting instruction or objection from trial counsel" and "went beyond permissible expert analysis . . . ." *Id.*

The Missouri Court of Appeals held that trial counsel's lack of objection was not ineffective. (Doc. 9-16 at 20–21). The court reasoned that "failure to offer all possible impeachment evidence may be consistent with reasonable trial strategy even if trial counsel later testifies that he or she had no strategic reason for not addressing some matters during cross-examination." *Id.* at 21. Also, the court noted Petitioner "did not meet his burden to overcome the presumption that Trial Counsel's decision not to impeach Detective on this specific issue was a matter of trial strategy." *Id.*

Petitioner has failed to show any prejudice from trial counsel's failure to impeach and there is a reasonable argument that counsel satisfied *Strickland*. Thus, Ground Three is denied.

**D. Ground Four**

Finally, in Ground Four, Petitioner alleges his appellate counsel was ineffective for failing to raise trial counsel's failure to object to the expert testimony at issue in Ground One. (Doc. 1 at 11, 20). To be more precise, Petitioner asserts ineffective assistance of trial counsel, as opposed to trial court error, from allowing the psychologist to testify that she diagnosed the victim with PTSD from sexual trauma at the hands of Petitioner. (Doc. 9-16 at 11). But before the motion court, Petitioner asserted trial court error from allowing the same testimony. In Missouri, "a claim [must] be presented 'at each step of the judicial process' in order to avoid default." *Jolly v. Gammon*, 28 F.3d 51, 53 (8th Cir.1994) (quoting *Benson v. State*, 611 S.W.2d 538, 541 (Mo. Ct. App. 1980)). Petitioner's claim is procedurally defaulted because he raises a different legal claim in Ground Four than he previously raised before the motion court. *See Winfield v. Roper*, 460 F.3d 1026, 856 (8th Cir. 2006) ("[A] federal habeas petitioner's claim must rely on the same factual and legal bases relied on in state court . . . .").

Further, ineffective assistance of counsel is not cognizable on direct appeal in Missouri. *See State v. Webber*, 504 S.W.3d 221, 230–32 (Mo. Ct. App. 2016). Thus, appellate counsel could not have raised the alleged ineffectiveness of trial counsel on direct appeal.

For these reasons, there is a "reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington*, 562 U.S. at 105. Ground Four is denied.

**II. Certificate of Appealability**

The Court has considered whether to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court."). To issue such a

certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has not made such a showing, and the Court will not issue a certificate of appealability.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1), is **DENIED**.

**IT IS FINALLY ORDERED** that the Court will not issue a certificate of appealability.

The Clerk of Court is directed to close this case.

So ordered this 26th day of October 2026.

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE